BUCHALTER, NEMER, FIELDS & YOUNGER
A Professional Corporation
PETER G. BERTRAND (#087883)
MICHELLE R. OAKES (#179036)
333 Market Street, 29th Floor
San Francisco, California 94105-2130
Telephone: (415) 227-0900/Facsimile: (415) 227-0770

Attorneys for Marvell Semiconductor, Inc.
Sehat Sutardja, Manuel Alba and Kaushik Banerjee

**ENDORSED**
2002 JAN -7 AM 9:53
KIMI TORRE, CEO
SUPERIOR COURT OF CA.
CO. OF SANTA CLARA
BY SANDRA RAMIREZ, DEPUTY

SUPERIOR COURT, STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| JASMINE NETWORKS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MARVELL SEMICONDUCTOR, INC., SEHAT SUTARDGA, MANUEL ALBA, KAUSHIK BANERJEE, COOLCOMM, RICHARD SOWELL, PATRICK J. MURPHY, TIN-SANG LEUNG, CHRIS NELSON, ERIC MASSON, RICKY WAN, THANH TRAN, CHAO-LIN CHING, NESS PENEYRA, and DOES 1 through 50. <br><br> Defendants. | CASE NO.: CV 801411 <br><br> [~~PROPOSED~~] <br> ORDER GRANTING DEFENDANT MARVELL SEMICONDUCTOR, INC.'S <br><br> 1. APPLICATION FOR PRELIMINARY INJUNCTION; <br> 2. MOTION TO SEAL; <br> 3. MOTION TO STRIKE <br><br> Date: November 13, 2001 <br> Time: 8:45 a.m. <br> Place: Dept. 3 <br><br> Filed: September 12, 2001 <br> Trial: None |

BY EX PARTE APPLICATION OF JANUARY 7, 2002, THE COURT HEREBY MODIFIES ITS ORDER OF DECEMBER 28, 2001 TO READ AS FOLLOWS:

The application of Marvell Semiconductor, Inc. ("Marvell") for a Preliminary Injunction enjoining Plaintiff from disclosing, disseminating or referring to the recorded attorney-client communications between Defendant and its counsel of August 16, 2001 (the "Privileged Communications"), the Motion to Seal all documents filed in the record of this Court to the extent that they evidence and/or refer to such Privileged Communications, and the Motion to Strike those portions of the Complaint and First Amended Complaint evidencing and/or referring to such Privileged Communications, came on noticed hearing before this Court on November 13,

-1-

C:\NrPortbl\PALIB2\SR1\2083712_1.DOC

2001. The Court having considered the moving and responding papers, the accompanying memoranda of points & authorities and supporting declarations, together with the arguments of counsel, and thereafter taking the matter under submission once additional legal briefing was received on November 16, 2001, and good cause appearing therefor, as further set forth in this Court's Ruling on Request for Preliminary Injunction entered by this Court on December 5, 2001, the Court enters the following orders:

### Preliminary Injunction

**IT IS HEREBY ORDERED that:**

1. Defendant Marvell's Application for a Preliminary Injunction is granted in its entirety.

2. During the pendency of this action, Plaintiff Jasmine Networks, Inc. ("Plaintiff") and each of its officers, directors, agents, attorneys, servants and employees, and all persons acting in concert with them, are enjoined from engaging in or performing directly or indirectly the following acts:

   a. Using, disclosing, disseminating or otherwise referring to the contents of the Privileged Communications and/or making any references thereto;

   b. Using the Privileged Communications in furtherance of any legal action, including but not limited to the pending action;

   c. Notwithstanding the foregoing, Plaintiffs outside counsel may disclose or make reference to the contents of the Privileged Communications solely in pleadings filed with the California Court of Appeal in the prosecution of Plaintiff's appeal from this Order. Such disclosures and/or references shall be filed under seal.

IT IS FURTHER ORDERED that Plaintiff is required and ordered ~~within three (3) days~~ *TO BY NO LATER THAN JANUARY 11, 2002* ~~after service of notice of entry of this Order~~ to lodge under seal with the Clerk of the Court all recordings of the Privileged Communications, together with all copies, summaries, extracts, notes, and/or other writings which refer to, relate to, and/or evidence any portion of the Privileged Communications. Notwithstanding the foregoing, Plaintiff's outside counsel may

1  retain copies of the pleadings previously filed in this action for the sole purpose of prosecuting
2  Plaintiff's appeal of this Order and, as to work product and attorney-client communications only,
3  shall have the option of excising all references to the Privileged Communications and the
4  contents thereof, in lieu of depositing the same with the Court, provided that ~~within 10 days from~~ *By no later than Jan. 11, 2002*
5  ~~the entry of this Order,~~ Jasmine and its counsel certify under penalty of perjury to the Court and
6  to Marvell's counsel that all such references have either been deposited with the Court or
7  excised. Such pleadings shall be treated as "Highly Confidential -- Attorneys' Eyes Only"
8  material pursuant to the Protective Order in this matter.

      IT IS FURTHER ORDERED that Marvell must file a written undertaking in the sum of $100,000.00, as required by Code of Civil Procedure Section 529. As a consequence of the limited scope of the Court's injunctive order herein that does not restrain the Plaintiff's business or prevent it from prosecuting its action herein, the Court deems the posting of a surety bond in the amount of $100,000.00 as sufficient to cover reasonable attorney's fees and costs in procuring a final decision dissolving the injunction.

## Motion to Seal

      The Court finds that: (1) the Privileged Communications at issue are protected by the attorney-client privilege; (2) there exists an overriding interest in protecting the Privileged Communications that overcomes the right of public access to the records; (3) the overriding interest supports sealing the record; (4) a substantial probability exists that the overriding interest will be prejudiced if the records are not sealed; (5) the proposed sealing is narrowly tailored; and (6) no less restrictive means exist to achieve the overriding interest.

      IT IS HEREBY ORDERED that:

    1.  Marvell's Motion is granted in its entirety.

    2.  All pleadings or other documents that have been filed or that may be filed in this action which refer to, relate to, and/or evidence any portion of the Privileged Communications, including but not limited to those documents listed in Exhibit A hereto, shall be sealed.

3. All recordings of the Privileged Communications, together with all copies, summaries, extracts, notes, and/or other writings which refer to, relate to, and/or evidence any portion of the Privileged Communications, lodged with the Clerk of the Court pursuant the Preliminary Injunction issued herewith, shall be sealed.

4. No person other than the Court is authorized to inspect documents sealed pursuant to this ORDER.

## Motion to Strike

IT IS HEREBY ORDERED that:

1. Marvell's Motion to Strike is granted in its entirety and all references to the Privileged Communications in the record, including, without limitation, page 7 line 15 to page 9 line 7 of the Complaint and page 7 line 7 to page 8 line 25 of the First Amended Complaint, be and hereby are, stricken.

2. Jasmine shall file a Second Amended Complaint consistent with this Order ~~within~~ LATER THAN JANUARY 11, 2002 ~~ten (10) days~~ of the entry of this Order.

3. Marvell and the other defendants to this action shall file a response to the Second Amended Complaint within thirty (30) days of service of the Second Amended Complaint.

Dated: 1-7-02

Hon. Thomas W. Cain
Judge of the Santa Clara County Superior Court

NOTHING HERE IN IS INTENDED TO LIMIT THE EFFECTIVENESS OF THIS COURT'S DECEMBER 28, 2001 ORDER, EXCEPT AS EXPRESSLY MODIFIED HERE IN.